UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CORDALE JACKSON, INDIVIDUALLY AND ON
BEHALF OF ALL OTHER SIMILARLY SITUATED
INDIVIDUALS, ET AL.                                                                    PLAINTIFFS

VS.                                                     CIVIL ACTION NO.: 3:09cv456-DPJ-FKB

BROWN BOTTLING GROUP, INC.                                               DEFENDANT

## ORDER

This wage and hour dispute is before the Court on the motion for summary judgment [15] and motion to strike [21] filed by Defendant Brown Bottling Group, Inc. ("Brown Bottling"). The Court, having fully considered the parties' submissions and the applicable law, finds that Defendant's motion for summary judgment is well taken and should be granted, its motion to strike should be denied as moot.

I.      **Facts/Procedural Issue**

Plaintiffs are former delivery drivers for Brown Bottling who were not paid overtime despite working more than forty (40) hours in a workweek. As a result, Plaintiffs filed suit in August 2010 claiming that Defendant violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Plaintiffs sued on their own behalf and on behalf of all similarly situated employees. They thereafter moved for class certification "to include all individuals that have been employed as driver merchandisers and cart delivery merchandisers for the Defendant's bottling division in the past three (3) years." Pl.'s Mot. [12] ¶ 9.

Defendant has now moved for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, claiming that no overtime was due because Plaintiffs were exempt from the act. Defendant also filed a motion [21] to strike the affidavit of its former employee

Willie Harris, which Plaintiffs submitted in support of their response to the summary judgment motion.

It is important to note that this is not the only class action suit filed against Brown Bottling on behalf of this same putative class of workers. On May 15, 2009, former employee Calvin Taylor sued Brown Bottling on behalf of himself and others similarly situated in a case docketed in this district as Civil Action No. 3:09cv299-WHB-LRA (hereinafter the "Taylor suit"). The Taylor suit was the first filed of these two identical causes against the same defendant on behalf of the same putative class. On June 4, 2010, Judge William H. Barbour granted summary judgment in the Taylor suit based on grounds identical to those raised in Defendant's present motion.[1] Personal and subject matter jurisdiction exist, and the Court concludes that it should follow Judge Barbour's well-reasoned opinion.

## II. Standard

Summary judgment is warranted under Rule 56(c) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[1]This order was recently entered and has not yet appeared in electronic format. However, the order comes from this district and division, is directly on point as to these specific facts, and provides a thorough analysis of the issues. It is therefore attached hereto.

**III.    Analysis**

Employees covered by the FLSA are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207(a)(1). Exceptions exist, however, including the Motor Carrier Act ("MCA") exemption established by 29 U.S.C. § 213(b)(1), which exempts "employees with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service." *Siller v. L & F Distribs., Ltd.*, 109 F.3d 765 No. 96-40549, 1997 WL 114907, at *1 (5th Cir. Feb. 18, 1997) (unpublished) (citing 29 U.S.C. § 213(b)(1)).

> According to the regulations promulgated by the FLSA, the Secretary of Transportation has power to establish qualifications and maximum hours of service if employees are: (1) employed by carriers whose transportation of property or passengers is subject to the Secretary of Transportation's jurisdiction under the Motor Carrier Act ("MCA"); and (2) engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways [of] passengers or property in interstate or foreign commerce withing the meaning of the MCA.

*Id*. (citing 29 C.F.R. § 782.2(a)).

The parties agree that the first prong of this test has been satisfied, but dispute the second. As to the second, the driver must first affect "the safety of operation of motor vehicles in the transportation on the public highways." *Id*. Plaintiffs state in response that this element has not been demonstrated, but they fail to explain the argument, which is not persuasive. *See* 29 C.F.R. § 782.3 (explaining definition of "driver" and when a driver "directly affects 'safety of operation'"). Accordingly, whether Brown Bottling is exempt from the FLSA as to these employees turns on whether the drivers transported "property in interstate or foreign commerce within the meaning of the Motor Carrier Act." 29 C.F.R. § 782.2(a).

3

During the relevant years, Plaintiffs did not drive their trucks across state lines. As noted by the Fifth Circuit,

> [w]hether transportation between two points in a single state is interstate or intrastate depends on the "essential character" of the shipment. The critical factor in determining the shipment's essential character is the fixed and persisting intent of the shipper at the time of the shipment. The totality of the facts and circumstances will determine whether a shipper has the requisite intent to move goods continuously in interstate commerce.

*Merchs. Fast Motor Lines, Inc. v. ICC*, 5 F.3d 911, 917 (5th Cir. 1993) (internal citations omitted).

Looking more specifically at the facts of this case, the parties agree that Brown Bottling received deliveries of Pepsi products from outside the state of Mississippi; that the products were not altered while in storage although they were sorted for further distribution; and that the products remained in Defendant's warehouse for twelve to sixteen days before its drivers, including Plaintiffs, would deliver them to various retail outlets. Upon delivering the merchandise, the drivers collected certain shipping items such as empty plastic shells and returned them to the warehouse, where they were picked up and returned to their out-of-state locations of origin.

As to this last undisputed fact, Defendant contends that the transportation of these items alone satisfies the interstate commerce component of the MCA. *See Foxworthy v. Hiland Dairy Co.*, 997 F.2d 670, 674 (10th Cir. 1993) (holding that "the regular pickup of empty containers, destined for out-of-state facilities, both placed employees in interstate commerce and exempted them from the overtime provisions of the FLSA" (citations omitted)). Plaintiff offered no countervailing authority and failed to rebut this argument. As Judge Barbour noted in his order, "[c]ourts have routinely found that the act of retrieving and returning shipping containers to out-

of-state locations constitutes interstate commerce for the purposes of the motor carrier exemption." Ex. A at 13 (citing *Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 224 (2d Cir. 2002) (collecting cases); *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1025 (10th Cir. 1992)) (other citations omitted). Plaintiffs transported items in interstate commerce.

Defendant offers additional arguments for dismissal that this Court accepts. However, because Judge Barbour thoroughly examined these same legal arguments in the attached order, this Court will merely echo the holding that Brown Bottling satisfied the requirements of the MCA as to its drivers. Finally, the only factual distinctions between this record and the one considered in the Taylor suit offer no basis for a different result. Here, the parties quibble over the number of days inventory stayed in the warehouse, but the MCA would apply even accepting Plaintiffs' sixteen day estimate. *See Siller*, 1997 WL 114907, at *2 (applying MCA exemption where product remained in warehouse for six (6) to twenty-eight (28) days). Plaintiffs also offer somewhat conflicting affidavits from former Brown Bottling employee Willie Harris with respect to Defendant's motive for filling its warehouse. Ex. A to Pl.'s Resp. [19]. Harris claims that product was purchased merely to fill the warehouse in anticipation of prospective sales and customers. Ex. A to Pl.'s Resp. [19] ¶ 9; Ex. A to Pl.'s Resp. [25] ¶ 6. However, Harris agrees with Defendant that orders were placed by Brown Bottling based in part on its historical sales data and forecasts. This issue was discussed in Judge Barbour's opinion. Having independently considered all of Plaintiff's arguments, the Court finds that the MCA applies.[2]

---

[2]District courts are not bound to follow horizontal stare decisis, even from within the same district. *Sw. Bell Tel., L.P. v. Arthur Collins, Inc.*, No. 3:04-CV-0669-B, 2005 WL 6225305, at *5 (N.D. Tex. Oct. 14, 2005). However, some courts consider such opinions "persuasive and highly relevant." *Id*. (citations omitted). In the present case, the Court has conducted its own review of the issues and concludes that the MCA applies. However, it is

**IV.    Conclusion**

The Court has considered all arguments raised in the parties' various submissions.  Those issues not directly addressed herein would not change the result of this opinion.  For the reasons stated herein, and for the reasons stated more fully in Judge Barbour's opinion in the Taylor suit, the Court finds that Defendant Brown Bottling is entitled to summary judgment even considering the challenged Harris affidavit.  Defendant's motion for summary judgment is granted; Defendant's motion to strike the Harris affidavit is denied as moot.  A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.  All other pending motions are likewise denied as moot.

**SO ORDERED AND ADJUDGED** this the 14th day of June, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

worth noting that a contrary result would raise issues with respect to the preclusive effect of Judge Barbour's ruling, given that the individual plaintiff in that case is a potential class member in this case.  Moreover, denying the present motion would allow a potential class action based on wage and hour claims against the same defendant that have already been dismissed as to the same putative class.  These cases will proceed in the same procedural posture if the parties wish to exercise their right of appeal.